Local AO 245B (Rev. 9/13) (AO Rev. 9/11)
Sheet 1

# UNITED STATES DISTRICT COURT

District of North Dakota

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| **Dustin Evan Coleman** | ) | Case Number: **3:14-cr-4** |
| | ) | USM Number: **13001-059** |
| | ) | **Christopher Lancaster** |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  **1 through 8 of the Indictment.**

☐ pleaded nolo contendere to count(s) ___
which was accepted by the court.

☐ was found guilty on count(s) ___
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §§ 2251(a) and 2251(e) | Sexual Exploitation of minors | 10/16/2011 | 1 |
| | see page 2 | | |

The defendant is sentenced as provided in pages 2 through **9** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ___

☐ Count(s) ___ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**February 17, 2015**
Date of Imposition of Judgment

*/s/ Ralph R. Erickson*
Signature of Judge

**Ralph R. Erickson**       **U.S. Chief District Judge**
Name and Title of Judge

February 18, 2015
Date

Local AO 245B (Rev. 9/13) (AO Rev. 9/11)
Sheet 1A

Judgment—Page __2__ of __9__

DEFENDANT:  Dustin Evan Coleman
CASE NUMBER:  3:14-cr-4

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §§ 2251(a) and 2251(e) | Sexual Exploitation of Minors | 07/21/2013 | 2 |
| 18 USC §§ 2251(a) and 2251(e) | Sexual Exploitation of Minors | 08/01/2013 | 3 |
| 18 USC § 875(b) | Extortion | 07/21/2013 | 4 |
| 18 USC § 875(d) | Extortion | 07/21/2013 | 5 |
| 18 USC 2252(a)(5)(B) and 2252A(b)(2) | Possession of Materials Containing Child Pornography | 08/2013 | 6 |
| 18 USC §§ 2252A(a)5)(B) and 2252A(b)(2) | Possession of Materials Containing Child Pornography | 08/2013 | 7 |
| 18 USC §§ 2252A(a)(5)(B) and 2252A(b)(2) | Possession of Materials Containing Child Pornography | 08/2013 | 8 |

Local AO 245B (Rev. 9/13) (AO Rev. 9/11)
    Sheet 2 — Imprisonment

Judgment — Page __3__ of __9__

DEFENDANT: Dustin Evan Coleman
CASE NUMBER: 3:14-cr-4

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**Count 1: 360 months; Count 2: 360 months to run concurrent with all counts; Count 3: 360 months to run concurrent to all counts; Count 4: 24 months to run concurrent with Count 5; Count 5: 24 months to run consecutive to counts 1 through 4; Counts 6 and 7: 120 months to run concurrent with all counts; and Count 8: 240 months to run concurrent with all counts. For a total of: 384 months imprisonment.**

☐ The court makes the following recommendations to the Bureau of Prisons:

**See page 4.**

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Local AO 245B (Rev. 9/13) (AO Rev. 9/11)
Sheet 2A — Imprisonment

Judgment—Page 4 of 9

DEFENDANT: **Dustin Evan Coleman**
CASE NUMBER: **3:14-cr-4**

## ADDITIONAL IMPRISONMENT TERMS

1. The defendant shall undergo a sex offender treatment program as it appears that he does have a sexual addiction.

2. That the defendant be allowed to participate in RDAP.

3. That the defendant be allowed to participate in a job skills, vocational or educational program.

4. That the defendant be allowed to serve his sentence in Devens, MA.

5. That the defendant be allowed to serve his sentence in Butner, North Carolina.

6. That the defendant be allowed to serve his sentence as close to Danbury, CT as possible.

Local AO 245B (Rev. 9/13) (AO Rev. 9/11)
Sheet 3 — Supervised Release

Judgment—Page __5__ of __9__

DEFENDANT:  Dustin Evan Coleman
CASE NUMBER:  3:14-cr-4

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
**LIFETIME**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☑ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Local AO 245B (Rev. 9/13) (AO Rev. 9/11)
Sheet 3C — Supervised Release

Judgment—Page __6__ of __9__

DEFENDANT: **Dustin Evan Coleman**
CASE NUMBER: **3:14-cr-4**

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to search at any time with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct by the person, and by any probation officer in the lawful discharges of the officer's supervision functions.

2. As directed by the Court, if during the period of supervised release the supervising probation officer determines that defendant is in need of placement in a Residential Re-Entry Center (RRC), the defendant shall voluntarily report to such a facility as directed by the supervising probation officer, cooperate with all rules and regulations of the facility, participate in all recommended programming, and not withdraw from the facility without prior permission of the supervising probation officer. The Court retains and exercises ultimate responsibility in this delegation of authority to the probation officer. See United States v. Kent, 209 F.3d 1073 (8th Cir. 2000).

3. The defendant shall participate in psychological/psychiatric counseling and/or a sex offender program, which may include inpatient treatment as approved by the probation officer. The defendant shall abide by all rules, requirements and conditions of such program, including submission to risk assessment evaluations and physiological testing, such as polygraphs, and Abel testing, and he defendant shall grant a limited waiver of his right of confidentiality in any records of mental health treatment imposed as a consequence of this judgment to allow the treatment provider to provide information to the probation officer to monitor the defendant's progress.

4. The defendant shall grant a limited waiver of his right of confidentiality in any records of mental health treatment imposed as a consequence of this judgment to allow the treatment provider to provide information to the probation officer to monitor the defendant's progress.

5. The probation officer shall disclose the Presentence Report, and/or any previous sex offender or mental health evaluations to the treatment provider.

6. The defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, as directed by the probation officer. The probation officer will provide the state officials with any and all information required by the state sex offender registration agency and may direct the defendant to report to that agency personally for additional processing.

7. The defendant shall not possess any materials, including pictures, photographs, books, writing, drawings, computer images, videos, or video games, depicting and/or describing "sexually explicit conduct" as defined at 18 USC 2256(2) and 2256(8).

8. The defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18 except: (1) in the presence of the parent or legal guardian of said minor, and (2) on the condition that the defendant notifies said parent or legal guardian of his conviction of the instant offense. This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom the defendant must deal in order to obtain ordinary and usually commercial services.

9. The defendant shall not be allowed to reside in the home, residence, or be in the company of any child under the age of 18; or date or socialize with anybody who has children under the age of 18, without prior approval of the United States Probation Office.

10. The defendant will not reside or loiter within 100 feet of schoolyards, playgrounds, arcades or other places, establishments and areas primarily frequented by children under the age of eighteen.

11. The defendant may not engage in any paid occupation or volunteer service which exposes him either directly or indirectly to minors, unless approved in advance by the United States Probation Office.

12. The defendant shall allow the United States Probation Officer, at any reasonable time, to make periodic unannounced examinations of his computer, hardware, and software, which may include the retrieval and copying of all data from the computer.

Local AO 245B (Rev. 9/13) (AO Rev. 9/11)
Sheet 4C — Probation

Judgment—Page 7 of 9

DEFENDANT: Dustin Evan Coleman
CASE NUMBER: 3:14-cr-4

# SPECIAL CONDITIONS OF SUPERVISION

13. The defendant shall maintain a complete, current inventory of his computer access, including but not limited to any bills pertaining to computer access, telephone bills used for modem access, or other charges accrued in the use of a computer, and submit those documents whenever requested by the United States Probation Officer.

14. The defendant shall consent to third-party disclosure to any employer or potential employer concerning computer-related restrictions that are imposed upon him, unless excused by the United States Probation Officer.

15. The defendant shall not use or have installed any programs specifically and solely designed to encrypt data, files, folders, or volumes on any media. The defendant shall, upon demand, immediately provide the probation officer with any and all passwords required to access data compressed or encrypted for storage by any software.

16. The defendant shall not possess or use any computer or other device with access to any on-line computer service without the prior approval of the probation officer. This includes any Internet service provider, bulletin board system, gaming system, console or any other public or private computer network or other such device which would enable contact and/or the sharing of data with other individuals known and unknown to the defendant. The defendant shall not have access to modem during his term of supervision without the prior approval of the United States Probation Officer.

17. The defendant shall participate in a cognitive behavioral program as approved by the supervising probation officer.

18. The defendant shall not care, reside with or own any animal without prior approval of the probation officer.

Court Findings Justifying Special Conditions:

a. The defendant may recidivate or violate conditions of supervision if he does not receive treatment.

b. Unevaluated sexual offender at this point and by all appearances he has a sex addiction and prurient interest in children and has engaged in a pattern of abusive and deviant behavior.

c. The defendant used a computer in commission of offense.

d. Images contained acts of violence against children and masochistic and inappropriate deviant conduct.

e. The defendant's conduct involved an attempt to violate or abuse an animal and so he is therefore prohibited from possessing or owning an animal.

f. Upon release from the institution the defendant may have trouble securing stable employment. The use of a residential reentry center may aid the defendant in this transition.

Local AO 245B (Rev. 9/13) (AO Rev. 9/11)
Sheet 5 — Criminal Monetary Penalties

Judgment — Page __8__ of __9__

DEFENDANT: **Dustin Evan Coleman**
CASE NUMBER: **3:14-cr-4**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 800.00 | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| TOTALS | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

   ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Local AO 245B (Rev. 9/13) (AO Rev. 9/11)
Sheet 6 — Schedule of Payments

Judgment — Page  9  of  9

DEFENDANT: **Dustin Evan Coleman**
CASE NUMBER: **3:14-cr-4**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:

    **Apple iPod Touch, SN: CCQDJYUNDCPC; Vizio laptop computer (containing a 128GB hard drive, SN: 233J60BUAETK); 1TB Seagate external hard drive, SN: NA056H9N; and 250GB Seagate external hard drive, SN: 2GE12WWP.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.